IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
At Albuquerque NM

FEB 17 2005

MATTHEW J. DYKMAN
CLERK

IN THE MATTER OF
SUTRO-SANDIA CORPORATION,

Debtor,

SUTRO-SANDIA CORPORATION,

Appellant,

Civ. No. 04-1276 JP/RLP
Bk. No. 11-04-17848-SA

v.

ESTATE OF NORMA J. HURT,

Appellee.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

1.   Appellant-Debtor Sutro-Sandia Corporation ("Sutro-Sandia") appeals the bankruptcy court's *sua sponte* modification of the automatic stay without notice to it or its counsel. For the reasons set forth below, the court recommends that the appeal be dismissed.

2.   The pertinent facts are not in dispute. Sutro-Sandia filed a Chapter 11 petition in New Mexico Bankruptcy Court on October 27, 2004. On October 28, 2004, New Mexico Bankruptcy Court Judge Starzynski received a telephone call from Arizona

---

[1] Within ten (10) days after a party is served with a copy of the "Magistrate Judge's Proposed Findings and Recommended Disposition" (the "Proposed Findings") that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections in the United States District Court to the Proposed Findings. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the Proposed Findings. If no objections are filed, no appellate review will be allowed.



Bankruptcy Court Judge James M. Marlar. Judge Marlar advised Judge Starzynski that the automatic stay imposed due to the Chapter 11 filing hampered his ability to adjudicate an adversary proceeding before him in Arizona. Judge Starzynski lifted the stay the same day.

> The effect of the ruling was to purportedly allow Judge Marlar . . . to make a ruling and enter a judgment to dispose of assets acquired by [Sutro-Sandia] from Wakefield Properties, Ltd., one of the parties in the adversary proceeding in Arizona. The Judge in Arizona would not have been able to continue with the adversary proceeding if the Automatic Stay had not been lifted. As a result, Judge Marlar apparently entered a Default Judgment in Arizona the very same day.

Appellant's Brief in Chief [Doc. 8] at 5-6.

3. In his Order Modifying Automatic Stay Without Notice, see Exhibit to Motion to Exceed Page Limit for Exhibits in Support of Appellee's Answering Brief [Doc. 13], Judge Starzynski noted that the New Mexico Chapter 11 case "was filed as part of a pattern of serial filings to inhibit the administration of the bankruptcy case of In re Norma J. Hurt, No. 85-3802-JMM and adv. pro. 99-605 Hurt v. Wakefield Properties, Inc., both pending in the United States Bankruptcy Court for the District of Arizona." Id. The court's Order Modifying Automatic Stay Without Notice concluded:

> Having considered the recitations of interference and obstruction of the administration of the Arizona Court and of the consequent inability of the Arizona Court to perform its functions, this Court finds good cause to modify the stay for cause (11 U.S.C. section 362(d)(1)) based on the authority of 11 U.S.C. section 105, and to do so without notice to the debtor in possession or its counsel.

Id.

4. In *Vaughan v. First Nat'l Bank*, 13 F.3d 408 (10th Cir. 1993) (unpublished opinion), the court held that "[t]he decision to modify the automatic stay is within the sound discretion of the bankruptcy judge." 13 F.3d at **1 (citing *Pursifull v. Eakin*, 814 F.2d 1501, 1504 (10th Cir. 1987)). Further, the court held that "Section 105(a) of the Bankruptcy Code allows bankruptcy courts to sua sponte issue any order necessary or appropriate for the administration of the estate, including modifications to the automatic stay." *Id.* (citing *In re Bellucci*, 119 B.R. 763, 778-79 (Bankr. E. D. Cal. 1990)).

5. Based on the foregoing facts and authorities, the court finds that the bankruptcy court judge did not abuse his discretion in modifying the automatic stay.

## RECOMMENDED DISPOSITION

I recommend that the appeal be dismissed.

Richard L. Puglisi
United States Magistrate Judge